1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  SANDRA ORTIZ, et al.,                    No.  1:15-cv-0535-KJM-EPG

12            Plaintiffs,

13      v.                                    ORDER

14  GERARDO ALVAREZ, SUPT., et al.,

15            Defendants.

16

17

18          Having reviewed the allegations of the Second Amended Complaint and the

19  parties' briefing, the court orders as follows:[1]

20  I.      YOUTH CENTERS OF AMERICA (YCA) AND ISRAEL LARA

21          A.      Negligent Infliction of Emotional Distress

22                  In light of the plaintiffs' statement of non-opposition, ECF No. 52, the claims for

23  negligent infliction of emotional distress are DISMISSED with prejudice.

24

25

26  _____

27          [1] In an effort to streamline resolution of motions to dismiss in cases where the parties have
    counsel, when the court is granting leave to amend it is adopting a shortened form of order
28  consistent with the order issued here.

1    B.    Wrongful Termination

2    The plaintiffs do not address the YCA's and Lara's arguments that the complaint

3    states no claim against them for state-law wrongful termination in violation of public policy.  The

4    plaintiffs' brief in opposition to the YCA's and Lara's motion focuses solely on the YCA's and

5    Lara's municipal liability under federal law.  *See* Opp'n YCA Mot. 3–4, ECF No. 51.  By

6    omitting any argument on this point, the plaintiffs implicitly concede dismissal of this claim.  *See,*

7    *e.g.*, *Silva v. U.S. Bancorp*, No. 10-01854, 2011 WL 7096576, at *3 (C.D. Cal. 2011).  This claim

8    is therefore DISMISSED with leave to amend.  The plaintiffs are again reminded of their

9    obligations under Federal Rule of Civil Procedure 11.

10   C.    42 U.S.C. § 1983

11   Section 1983 imposes liability only a defendant who acts under color of law.  *See,*

12   *e.g.*, *Stein v. Ryan*, 662 F.3d 1114, 1118 (9th Cir. 2011).  "[P]rivate parties are not generally

13   acting under color of state law . . . ."  *Price v. State of Hawaii*, 939 F.2d 702, 707–08 (9th Cir.

14   1991).  But "[u]nder familiar principals, even a private entity can, in certain circumstances, be

15   subject to liability under section 1983."  *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950,

16   954 (9th Cir. 2008) (en banc).  This is true only when "the conduct allegedly causing the

17   deprivation of a federal right [is] fairly attributable to the State."  *Lugar v. Edmondson Oil Co.*,

18   457 U.S. 922, 937 (1982).

19   Here, the complaint's theory of YCA's and Lara's liability as private entities under

20   § 1983 is incoherent.  The complaint alleges both (1) Alfonso Padron was an employee of YCA

21   and worked under a contract YCA had negotiated with the PUSD, *see, e.g.*, Second Am. Compl.

22   ¶¶ 5, 35, 40, Ex. B, ECF No. 33; and (2) Padron was employed by the PUSD, *see, e.g.*, *id.* ¶¶ 35–

23   36, 40.  It is also unclear whether Padron's employment was terminated or whether only the

24   PUSD contract was terminated.  *See id.* ¶¶ 135–136.  The claims under § 1983 are DISMISSED

25   with leave to amend to clear up this confusion, if possible in light of the authorities cited above

26   and the requirement that defendants can only be liable under § 1983 for actions undertaken

27   "under color of state law."

28

2

II.     PARLIER UNIFIED SCHOOL DISTRICT (PUSD), ET AL.

The stipulation at ECF No. 59 is approved in part as follows.  Because not all defendants stipulated to the filing of a third amended complaint, and that pleading was filed without leave of court, it is STRICKEN.  *See* Fed. R. Civ. P. 15(a)(2).  The plaintiffs are however GRANTED leave to file a fourth amended complaint, which may (1) address the matters discussed above with respect to the YCA's and Lara's motion; and (2) implement the changes made in the stricken third amended complaint with respect to the PUSD defendants.  The PUSD motion to dismiss is therefore DENIED AS MOOT, and the PUSD defendants may file a renewed motion to dismiss, including to dismiss any claim under 42 U.S.C. § 1983, once an amended complaint is on file.

III.     AMENDMENT

A fourth amended complaint shall be filed within fourteen days of the date this order is filed.

IT IS SO ORDERED.

DATED:  January 12, 2016.

_____
UNITED STATES DISTRICT JUDGE