UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA ORTIZ et al., | No. 1:15-cv-00535-DAD-EPG |
| Plaintiffs, | |
| v. | ORDER GRANTING DEFENDANT PUSD'S MOTION TO DISMISS THE EIGHTH AND NINTH CAUSES OF ACTION AGAINST PUSD |
| GERARDO ALVAREZ et al., | |
| Defendants. | (Doc. No. 72) |

This matter came before the court on March 15, 2016, for hearing of defendant Parlier Unified School District's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Attorney Lieth B. Hansen appeared on behalf of defendant Parlier Unified School District. Attorney Alexia Kirkland appeared on behalf of plaintiffs. After hearing oral argument, defendant's motion was taken under submission. For the reasons stated below, the court GRANTS the motion to dismiss.

BACKGROUND

On November 19, 2014, plaintiffs commenced this action in Fresno County Superior Court naming Gerardo Alvarez, in his official and individual capacities; Parlier Unified School District ("PUSD"); Youth Centers of America ("YCA"); and Israel Lara, director of YCA as

/////

1

1   defendants.  On April 7, 2015, defendants YCA and Lara removed this action from state court.
2   (Doc. No. 1.)

3         The action proceeds before this court on plaintiffs' fourth amended complaint, filed
4   January 27, 2016.  (Doc. No. 67.)  Therein, plaintiffs allege in relevant part as follows.
5   Defendant Alvarez, while acting as PUSD's superintendent, violated his duties under PUSD's
6   policies and procedures, as well as state and federal law.  (*See id.* ¶ 1.)  Defendant Alvarez
7   solicited political campaign contributions from certain plaintiffs in favor of employment, used
8   PUSD funds to support certain political candidates, and made adverse employment decisions
9   against plaintiffs on the basis of their political affiliations.  (*Id.* ¶ 2.)  Furthermore, PUSD
10  approved, through its school board, defendant Alvarez's decisions without affording plaintiffs due
11  process.  (*Id.* ¶ 3.)

12        On February 10, 2016, defendant PUSD filed the instant motion to dismiss plaintiffs'
13  eighth and ninth causes of action against it.  (Doc. No. 72.)  On February 24, 2016, plaintiffs filed
14  their opposition.  (Doc. No. 78.)  On March 7, 2016, defendant PUSD filed its reply.  (Doc. No.
15  80.)  The specific allegations relevant to the instant motion are summarized below.

16        First, in their eighth cause of action, plaintiffs Juan Sandoval, Gudelia Sandoval, Alfonso
17  Padron, Elida Padron, and Luis Ramos claim, pursuant to 42 U.S.C. § 1983, that defendant
18  Alvarez, with support and approval from PUSD, directly or indirectly made adverse employment
19  or contractual decisions against each of them, in retaliation for exercising their rights to free
20  speech and political affiliation.  (*See* Doc. No. 67 ¶¶ 162–77.)  Defendant PUSD moves to
21  dismiss this cause of action on the ground that PUSD is an arm of the state and therefore not a
22  "person" subject to liability under § 1983.

23        Second, in their ninth cause of action, plaintiffs Juan Sandoval and Gudelia Sandoval
24  claim that defendants Alvarez and PUSD did not afford each of them due process under the
25  Fourteenth Amendment to the Constitution.  (*See id.* ¶¶ 186–98.)  Specifically, plaintiffs Mr. and
26  Mrs. Sandoval allege they were not provided with an opportunity to be heard prior to their
27  termination and placement on administrative leave, respectively.  (*See id.* ¶¶ 189–90.)  Defendant
28  PUSD moves to dismiss this cause of action on the ground that no direct constitutional claim,

1  rather than a § 1983 action, may be brought against it and that, as an arm of the state, it is not a
2  proper defendant to such a suit.
3        Plaintiffs concede that if defendant PUSD is an arm of the state for purposes of immunity,
4  then the eighth and ninth causes of action should be dismissed as to PUSD.  (Doc. No. 78 at 4.)
5  LEGAL STANDARD
6        The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal
7  sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.
8  1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of
9  sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901
10 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to
11 relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A
12 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
13 the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v.*
14 *Iqbal*, 556 U.S. 662, 678 (2009).
15       In determining whether a complaint states a claim on which relief may be granted, the
16 court accepts as true the allegations in the complaint and construes the allegations in the light
17 most favorable to the plaintiff.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v.*
18 *United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  It is inappropriate to assume that the plaintiff
19 "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways
20 that have not been alleged."  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of*
21 *Carpenters*, 459 U.S. 519, 526 (1983).
22       In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted
23 to consider material which is properly submitted as part of the complaint, documents that are not
24 physically attached to the complaint if their authenticity is not contested and the plaintiff's
25 complaint necessarily relies on them, and matters of public record.  *Lee v. City of Los Angeles*,
26 250 F.3d 668, 688–89 (9th Cir. 2001).
27 /////
28 /////

DISCUSSION

A. <u>Eighth Cause of Action:  Violations of the First and Fourteenth Amendments Pursuant to 42 U.S.C. § 1983</u>

Defendant PUSD argues that as a California school district, it is an arm of the State of California and is therefore not a "person" subject to liability under § 1983.  (Doc. No. 72-1 at 3–4.)  The court finds this argument to be persuasive.

The Civil Rights Act under which this action was filed provides as follows:

> Every *person* who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress

42 U.S.C. § 1983 (emphasis added).  The United States Supreme Court has held that states or agencies considered "arms of the state" are not "persons" under § 1983.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989).  In determining whether a state agency is "person," the Supreme Court has directed courts to conduct arm-of-state analysis under the Eleventh Amendment.[1]  *Id.* (citing *Mt. Healthy Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977)).[2]

Whether an agency is an arm of the state for Eleventh Amendment purposes turns on a balancing of the following five factors:

> [1] whether a money judgment would be satisfied out of state funds, [2] whether the entity performs central governmental functions, [3] whether the entity may sue or be sued, [4] whether the entity has the power to take property in its own name or only the name of the state, and [5] the corporate status of the entity.

*Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 250–51 (9th Cir. 1992) (quoting *Mitchell v.*

---

[1] While acknowledging that the scope of § 1983 and the scope of the Eleventh Amendment to the Constitution are separate issues, the Supreme Court has stated that "the scope of the Eleventh Amendment is a consideration, and we decline to adopt a reading of § 1983 against it."  *Id.* at 66–67.

[2] *See also Stoner v. Santa Clara Cty. Office of Educ.*, 502 F.3d 1116, 1122–23 (9th Cir. 2007) (noting the same and holding that a California school district was an arm of the state and not a "person" under § 3729 of the False Claims Act).

*Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1988)).  These factors must be analyzed "in light of the way California law treats the governmental agency."  *Belanger*, 963 F.2d at 251.  Moreover, the first factor—whether a money judgment is satisfied out of state funds—is the most important.  *Id.*; *see also Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Holz v. Nenana City Pub. Sch. Dist.*, 347 F.3d 1176, 1182 (9th Cir. 2003); *Eason v. Clark Cty. Sch. Dist.*, 303 F.3d 1137, 1141 (9th Cir. 2002).

In *Belanger*, the Ninth Circuit Court of Appeals applied the *Mitchell* test and concluded that California school districts are arms of the state for Eleventh Amendment purposes.  *Belanger*, 963 F.2d at 254 (9th Cir. 1992); *see also Corales v. Bennett*, 567 F.3d 554, 573 (9th Cir. 2009); *Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1100 n.4 (9th Cir. 2000).  As a result, reading the Supreme Court's decision in *Will* together with the Ninth Circuit's decision in *Belanger*, it is apparent that California school districts are not "persons" under § 1983.

At the hearing, plaintiffs argued that this case is distinguishable from *Belanger* because an analysis under the first *Mitchell* factor requires a different outcome considering the unique circumstances of PUSD's financial position.  Specifically, plaintiffs now argue that any monetary judgment against it would be satisfied from the school district's liability insurance policy rather than directly from state funds.  Plaintiffs' argument is unavailing.  Under the first *Mitchell* factor, "the relevant inquiry is whether [the state] will be *legally required* to satisfy any monetary judgment"—not whether a potential judgment would impact the state treasury.  *Holz*, 347 F.3d at 1182; *Eason*, 303 F.3d at 1142; *see also Regents of the Univ. of California v. Doe*, 519 U.S. 425, 431 (1997) ("[I]t is the entity's potential *legal liability* for judgments, rather than its ability or inability to require a third party to reimburse it, or to discharge the liability in the first instance, that is relevant . . . .").

Here, any legal liability for a money judgment would attach to PUSD and the state—not the insurance company.[3]  Moreover, looking to the relationship between the state and its school

---

[3] To the extent plaintiffs may now be suggesting to the contrary, they have not pled a facially plausible claim that allows the court to draw the reasonable inference that a money judgment against PUSD must necessarily be funded through its insurance policy.  *See Iqbal*, 556 U.S. at 678.

districts under California law, as the Ninth Circuit has instructed, it is clear that any money judgment against PUSD would be ultimately satisfied from state funds. *See Belanger*, 963 F.2d at 251–52. As the court in *Belanger* concluded, California has a unique duty under its state constitution to strictly equalize funding per pupil across its school districts. *Id.* at 251. The state first determines the total amount of money each school district may spend and then provides the necessary funds after adjusting for locally raised revenue. *Id.* Thus, to the extent a money judgment against PUSD would be paid out of an insurance policy, the funds used to pay for that policy (e.g., in the form of past, present, and future premiums) ultimately affect the level of state funding that PUSD receives. *See id.* at 252 ("Any local funds withdrawn from the budget to pay a judgment are unavailable for educational purposes, and state funds in the budget must cover any critical educational expenses that the local funds would have covered absent the judgment."). Because plaintiffs do not dispute the Ninth Circuit's analysis as to the remaining *Mitchell* factors, the applicability of the holding in *Belanger* to this case remains unaltered.

Alternatively, plaintiffs argue that defendant PUSD should be treated as a municipal corporation not entitled to immunity under the Supreme Court's analysis in *Mt. Healthy*. (Doc. No. 78 at 3.) In particular, they contend that "[t]he operations are conducted with full autonomy and complete disregard for the State's purpose of providing an education to the citizens of Parlier." (*Id.*) But, as the Ninth Circuit has noted, the Supreme Court in *Mt. Healthy* addressed whether a school district *in Ohio* was immune from suit. *Belanger*, 963 F.2d at 254. It concluded that because Ohio state law vests significant control over schools in local governments, the Ohio school district in *Mt. Healthy* was easily distinguishable from a California school district. *Id.* Moreover, plaintiffs' argument that defendant PUSD's alleged conduct, rather than state law, is determinative of whether an agency is an arm of the state, finds no support in the case law.

Plaintiffs have neither alleged nor demonstrated facts sufficient to show how the relationship between PUSD and the state is fundamentally different from that of any other California school district, such that the conclusions reached by the Ninth Circuit in *Belanger* ought not control here. Nor do the allegations in plaintiffs' fourth amended complaint serve to show, even if accepted as true, how the legal relationship between California school districts and

the state generally has changed since the Ninth Circuit's analysis in *Belanger*. *See Corales*, 567 F.3d at 573; *Stoner v. Santa Clara Cnty. Office of Educ.*, 502 F.3d 1116, 1122–23 (9th Cir. 2007).

Because PUSD is an arm of the state for Eleventh Amendment purposes, it is not a "person" under § 1983, and plaintiffs' eighth cause of action against it must be dismissed.

B. <u>Ninth Cause of Action: Procedural Due Process Violations Under the Fourteenth Amendment</u>

Defendant PUSD argues that plaintiffs' ninth cause of action states a claim for relief under the United States Constitution, and accordingly it must be brought pursuant to 42 U.S.C. § 1983. (Doc. No. 72-1 at 5.) The court finds this argument to be persuasive as well.

A litigant who complains of a violation of a constitutional right does not have a cause of action directly under the United States Constitution. *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994) (affirming that it is 42 U.S.C. § 1983 that provides a federal cause of action for the deprivation of rights secured by the United States Constitution); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979) (explaining that 42 U.S.C. § 1983 was enacted to create a private cause of action for violations of the United States Constitution); *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) ( "Plaintiff has no cause of action directly under the United States Constitution."). Thus, plaintiffs' ninth cause of action claiming that their Fourteenth Amendment right to due process was violated fails to state a cognizable legal claim.

Even were the court to read the ninth cause of action as presenting a claim brought pursuant to § 1983, defendant PUSD nevertheless would be an improper defendant for the same reasons discussed above with respect to plaintiffs' eighth cause of action. Therefore, the ninth cause of action against defendant PUSD must be dismissed.

ORDER

Accordingly, for the reasons stated above,

1. Defendant PUSD's motion to dismiss (Doc. No. 72) is granted;
2. The eight cause of action, appearing in plaintiffs' fourth amended complaint (Doc. No. 67), is DISMISSED as to defendant PUSD only; and

/////

    3.    The ninth cause of action, appearing in plaintiffs' fourth amended complaint (Doc. No. 67), is DISMISSED as to defendant PUSD only.

IT IS SO ORDERED.

Dated:   **March 21, 2016**                     /s/ Dale A. Drozd
                                                           UNITED STATES DISTRICT JUDGE