UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA ORTIZ, et al., | No. 1:15-cv-00535-DAD-EPG |
| Plaintiffs, | |
| v. | ORDER DENYING PLAINTIFFS ALFONSO PADRON AND ELIDA PADRON'S MOTION FOR ENTRY OF FINAL JUDGMENT |
| GERARDO ALVAREZ, et al., | |
| Defendants. | (Doc. No. 190) |

This matter came before the court on February 5, 2019 for a hearing on plaintiffs Alfonso Padron and Elida Padron's motion for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b). (Doc. No. 190.) Plaintiffs Alfonso Padron and Elida Padron appeared on their own behalves. Attorney Mart B. Oller appeared on behalf of the defendants Gerardo Alvarez and Parlier Unified School District ("PUSD") (collectively "district defendants"), and attorney Justin T. Campagne appeared on behalf of defendants Youth Centers of America ("YCA") and Israel Lara (collectively "YCA defendants"). Having considered the parties' briefing and heard argument, and for the reasons that follow, plaintiffs' motion for entry of final judgment will be denied.

**BACKGROUND**

The factual allegations of this case have been addressed in prior court orders, and are recited here only as relevant to this motion. On October 24, 2018, defendants filed various

1

motions for summary judgment. (Doc. Nos. 132, 133, 134, 135, 136.) On September 21, 2018, the court granted in part and denied in part defendants' motions. (Doc. No. 168.) In that order, the court granted summary judgment in favor of defendant Alvarez as to Alfonso Padron and Elida Padron's claims brought under 42 U.S.C. § 1983, and granted summary judgment in favor of the YCA defendants as to Alfonso Padron's § 1983, intentional infliction of emotional distress, and wrongful discharge claims. (*Id.*) Defendants' motions for summary judgment as to the § 1983 claims brought by plaintiffs Gudelia Sandoval and Luis Ramos were otherwise denied. (*Id.*)

On October 22, 2018, Alfonso Padron and Elida Padron filed notices of appeal challenging this court's September 21, 2018 order ruling on the motions for summary judgment. (Doc. Nos. 173, 174.) The same day, Alfonso Padron and Elida Padron also filed requests to substitute their counsel out and proceed in this action *pro se*, which the assigned magistrate judge granted on October 24, 2018. (Doc. Nos. 175, 176, 179, 180.) On November 7, 2018, the United States Court of Appeals for the Ninth Circuit dismissed the appeals for lack of jurisdiction, finding that the summary judgment order, of which review was sought, was not final or appealable. (Doc. No. 187.)

On December 3, 2018, Alfonso Padron and Elida Padron filed a "motion for permission to appeal" pursuant to Federal Rule of Civil Procedure 54(b). (Doc. No. 190.) The YCA defendants filed an opposition to the motion on January 21, 2019. (Doc. No. 192.) The district defendants did not oppose or otherwise respond to the motion.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 54(b) provides that "[w]hen an action presents more than one claim for relief . . . or multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court determines that there is no just reason for delay." To do so, the district court "must first determine that it has rendered a final judgment, that is, a judgment that is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (internal quotation marks omitted). Second, "it must determine whether there is any just reason for delay." *Id.* As the Supreme Court has explained, the rule was adopted "to

avoid the possible injustice of delaying judgment on a distinctly separate claim pending adjudication of the entire case." *Gelboim v. Bank of Am. Corp.*, ___ U.S. ___, ___, 135 S. Ct. 897, 902 (2015) (internal quotation marks and brackets omitted). However, concerns about judicial economy counsel that Rule 54(b) should be used sparingly. *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980) ("Plainly, sound judicial administration does not require that Rule 54(b) requests be granted routinely."); *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981) (directing that Rule 54(b) be "reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties"). In deciding whether to grant judgment under the Rule, courts should consider "whether the certified order is sufficiently divisible from the other claims such that the case would not inevitably come back to this court on the same set of facts.'" *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015) (quoting *Wood*, 422 F.3d at 878)). That said, the issues raised on appeal need not be "completely distinct" from the rest of the action, "so long as resolving the claims would streamline the ensuing litigation." *Id.*

**ANALYSIS**

In its September 21, 2018 order, the court granted summary judgment in defendant Alvarez's favor as to Alfonso Padron's § 1983 claim for First Amendment retaliation; granted summary judgment in the YCA defendants' favor as to Alfonso Padron's § 1983 claim for First Amendment retaliation and claims for intentional infliction of emotional distress and wrongful termination; and granted summary judgment in defendant Alvarez's favor as to Elida Padron's § 1983 claim for First Amendment retaliation. (Doc. No. 168.) This order resulted in "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright*, 446 U.S. at 7 (citation omitted).

However, the court cannot find that there is no just reason for delay because there is substantial factual overlap between the dismissed claims and the remaining claims brought by

/////

/////

3

plaintiffs in this action.[1]  According to the operative complaint, the remaining state law causes of action brought by these plaintiffs against the district defendants—for intentional infliction of emotional distress, misrepresentation, intentional interference with prospective economic advantage, negligent interference with prospective economic advantage, and violation of the Bane Act—all arise from the alleged adverse employment actions taken by defendants in retaliation for plaintiffs' exercise of their rights to free speech and political association.  This is the same factual predicate that underpinned the claims resolved by the court in its September 21, 2018 order.  As such, this court's granting of summary judgment in favor of defendants with respect to certain of the moving plaintiffs' claims is not "sufficiently divisible from the other claims" such that the case would not inevitably come back to the Court of Appeals on the same set of facts.  *Jewel*, 810 F.3d at 628; *see also UniCredito Italiano SPA v. JPMorgan Chase Bank*, 288 F. Supp. 2d 485, 506 (S.D.N.Y 2003) ("The dismissed and remaining claims here arise from essentially the same factual allegations; judicial economy will best be served if multiple appellate panels do not have to familiarize themselves with this case in piecemeal appeals.") (citation omitted); *Martin v. Boyce*, 217 F.R.D. 368, 371 (M.D.N.C. 2003) ("Entry of judgment as to the previously dismissed claims would likely result in the Fourth Circuit considering the same factual scenario on more than one occasion.  Such repetition is not an appropriate use of judicial resources.").

      Moreover, the moving plaintiffs have not shown any danger of hardship or injustice that would be alleviated by an immediate appeal.  Plaintiffs merely state in conclusory fashion that immediate appeal "would reduce the hardship of having to await until the conclusion of the entire case to appeal the adverse ruling[.]"[2]  (Doc. No. 190 at 5.)  Plaintiffs, however, are not permitted

---

[1]  The district defendants initially moved for summary judgment on the causes of action brought by Alfonso Padron and Elida Padron pursuant to California law. (Doc. Nos. 132-1 at 5–6, 133-1 at 5–6.)  However, in their reply, the district defendants withdrew their requests for adjudication of those claims. (Doc. Nos. 144 at 5, 145 at 6.)

[2]  Plaintiffs' motion notes that they provided "three large boxes of documents" to their former counsel, but that in opposing defendants' motions for summary judgment, their former counsel "inadvertently and mistakenly failed to adequately present the evidence which was in the boxes of documents including numerous depositions" and also "misconstrued Elida's declaration concerning the matter against Alvarez." (Doc. No. 190 at 4.)  As the court explained at the hearing on the pending motion, to the extent that plaintiffs seek to challenge the court's summary

to make an end run around the normal course of litigation simply for the sake of convenience or expediency.  Instead, the moving plaintiffs must put forward "a seriously important reason" in order to be entitled to entry of final judgment under Rule 54(b).  *Wood*, 422 F.3d at 882.  Plaintiffs have failed to do so, and because issues of judicial economy disfavor the granting of such motions, plaintiffs' motion for entry of final judgment (Doc. No. 190) is denied.

IT IS SO ORDERED.

Dated: **February 15, 2019**

UNITED STATES DISTRICT JUDGE

---

judgment order on the ground that their former counsel failed to present evidence, the proper vehicle for doing so is a motion for reconsideration.  The court further advised plaintiffs that if they sought reconsideration, they would also need to file a motion to amend the scheduling order in this case.

5