UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS RAMOS; GUDELIA SANDOVAL;
ALFONSO PADRON; and ELIDA
PADRON,

            Plaintiffs,

    v.

GERARDO ALVAREZ, in his official and
individual capacities; and PARLIER
UNIFIED SCHOOL DISTRICT,

            Defendants.

No. 1:15-cv-00535-DAD-EPG

FINAL PRETRIAL ORDER

On August 5, 2019, the court conducted a final pretrial conference. Attorney Alexia Kirkland appeared as counsel for plaintiffs Luis Ramos and Gudelia Sandoval. Plaintiffs Elida Padron and Alfonso Padron appeared on their own behalves. Attorney Mart Oller appeared as counsel for defendants Parlier Unified School District ("PUSD") and Gerardo Alvarez. Having considered defendants' objections, the court issues this final pretrial order.

Plaintiffs bring this action under state and federal law alleging that defendant Alvarez, while acting as the PUSD Superintendent, solicited political campaign contributions in exchange for terms of employment, used PUSD funds to support certain political candidates, and took adverse employment actions against plaintiffs based on their political affiliations. Plaintiffs

/////

1

further allege that PUSD approved, through its school board, defendant Alvarez's decisions without affording plaintiffs due process.

## I.   JURISDICTION/VENUE

Jurisdiction is predicated on 28 U.S.C. §§ 1331, 1343, and 1367.  Jurisdiction is not contested.

Venue is proper pursuant to 28 U.S.C. § 1391.  Venue is not contested.

## II.   JURY

Both parties have demanded a jury trial.  The jury will consist of eight jurors.

## III.   UNDISPUTED FACTS

1.    Defendants did not have an employment relationship with Alfonso Padron at all relevant times with respect to the matters alleged in the complaint, and thus, Alfonso Padron was not subjected to an adverse employment action by defendants.

2.    The non-renewal of Elida Padron's employment contract was not substantially motivated by her protected First Amendment conduct.

3.    Gudelia Sandoval was an employee of defendant PUSD.

4.    Luis Ramos was employed with the Community Union Parenting Center, which provided services for parents at the Parent Resource Center at PUSD.

## IV.   DISPUTED FACTUAL ISSUES

1.    Whether defendants violated any of plaintiffs' rights under the law in relation to the claims pled.

## V.   DISPUTED EVIDENTIARY ISSUES/MOTIONS IN LIMINE

The parties have not yet filed motions *in limine*.  The court does not encourage the filing of motions *in limine* unless they are addressed to issues that can realistically be resolved by the court prior to trial and without reference to the other evidence which will be introduced by the parties at trial.  Any motions *in limine* the parties elect to file shall be filed no later than **21 days before trial**.  Opposition shall be filed no later than **14 days before trial** and any replies shall be filed no later than **10 days before trial**.  Upon receipt of any opposition briefs, the court will notify the parties if it will hear argument on any motions *in limine* prior to the first day of trial.

2

1  VI.    SPECIAL FACTUAL INFORMATION

2         None.

3  VII.   RELIEF SOUGHT

4         Plaintiffs seek general and special damages against defendant PUSD and defendant

5  Alvarez and punitive damages against defendant Alvarez in his individual capacity.

6  VIII.  POINTS OF LAW

7         The claims and defenses arise under both federal and state law.  The first cause of action

8  for intentional infliction of emotional distress is brought by all plaintiffs against both defendants.

9  The second cause of action for defamation is brought by plaintiffs Gudelia Sandoval and Luis

10 Ramos against both defendants.  The third cause of action for invasion of privacy/false light is

11 brought by plaintiffs Gudelia Sandoval and Luis Ramos against both defendants.  The fourth

12 cause of action for invasion of privacy (publication of private facts) is brought by plaintiffs

13 Gudelia Sandoval and Luis Ramos against both defendants.  The fifth cause of action for

14 misrepresentation is brought by plaintiffs Alfonso Padron and Elida Padron against defendant

15 Alvarez.  The sixth cause of action for intentional interference with prospective economic

16 advantage is brought by plaintiffs Alfonso Padron and Elida Padron against both defendants.  The

17 seventh cause of action for negligent interference with prospective economic advantage is

18 brought by plaintiffs Alfonso Padron and Elida Padron against both defendants.  The eighth cause

19 of action for First Amendment retaliation under 42 U.S.C. § 1983 is brought by plaintiffs Gudelia

20 Sandoval and Luis Ramos against defendant Alvarez.  The ninth cause of action for violation of

21 procedural due process rights under 42 U.S.C. § 1983 is brought by plaintiff Gudelia Sandoval

22 against defendant Alvarez.  The tenth cause of action under the Bane Act is brought by all

23 plaintiffs against both defendants.

24    1.  The elements of, standards for, and burden of proof in a claim for intentional infliction of

25        emotional distress.

26    2.  The elements of, standards for, and burden of proof in a claim for defamation.

27    3.  The elements of, standards for, and burden of proof in a claim for invasion of

28        privacy/false light.

4. The elements of, standards for, and burden of proof in a claim for invasion of privacy (publication of private facts).

5. The elements of, standards for, and burden of proof in a claim for misrepresentation.

6. The elements of, standards for, and burden of proof in a claim for intentional interference with prospective economic advantage.

7. The elements of, standards for, and burden of proof in a claim for negligent interference with prospective economic advantage.

8. The elements of, standards for, and burden of proof in a First Amendment claim alleging unlawful retaliation under 42 U.S.C. § 1983.

9. The elements of, standards for, and burden of proof in a Fourteenth Amendment procedural due process claim under 42 U.S.C. § 1983.

10. The elements of, standards for, and burden of proof in a claim under the Bane Act, California Civil Code § 52.1.

11. The elements of, standards for, and burden of proof in an affirmative defense for comparative fault.

12. The elements of, standards for, and burden of proof in an affirmative defense for failure to mitigate damages.

13. The elements of, standards for, and burden of proof in an affirmative defense for apportionment of damages and/or fault pursuant to California Civil Code § 1431.2.

14. The elements of, standards for, and burden of proof in an affirmative defense asserting privileges set forth in California Civil Code § 47(a)–(e).

15. The elements of, standards for, and burden of proof in an affirmative defense asserting immunity under California Government Code §§ 815(b), 815.2(b), 815.3, 818, 818.2, 818.8, 820(b), 820.4, 820.6, 820.8, 820.9, 821, 821.6, or 822.2.16.

16. The elements of, standards for, and burden of proof in an affirmative defense for unclean hands.

17. The elements of, standards for, and burden of proof in an affirmative defense based on the exclusive workers' compensation remedy.

4

18. The elements of, standards for, and burden of proof in an affirmative defense asserting privilege and immunity based on the discharge of a duty by a public entity and a public employee.

19. The elements of, standards for, and burden of proof in an affirmative defense for truth.

20. The elements of, standards for, and burden of proof in an affirmative defense based on the doctrine of after acquired evidence.

21. The elements of, standards for, and burden of proof in an affirmative defense asserting a privilege to publish statements without malice pursuant to the First Amendment of the United States Constitution.

22. The elements of, standards for, and burden of proof in an affirmative defense for estoppel.

23. The elements of, standards for, and burden of proof in an affirmative defense that each cause of action fails to state a claim.

24. The elements of, standards for, and burden of proof in an affirmative defense asserting that defendants did not discriminate against plaintiffs and plaintiffs' engagement in protected activities was not a substantial or motivating factor in defendants' actions.

25. The elements of, standards for, and burden of proof in an affirmative defense asserting that defendant Parlier Unified School District cannot be held liable for interference with contracts or economic relationships to which it is a party.

26. The elements of, standards for, and burden of proof in an affirmative defense asserting that any acts of defendants affecting the terms and/or conditions of plaintiffs' employment was done in good faith and motivated by legitimate, non-discriminatory reasons.

Trial briefs addressing the points of law implicated by these remaining claims shall be filed with this court no later than **7 days before trial** in accordance with Local Rule 285.[1]

---

[1] Pursuant to defendants' objections to the court's tentative pretrial order (Doc. No. 215), the court incorporates into this final pretrial order various purported "affirmative defenses" that defendants contend "remain asserted in this matter." Plaintiffs do not object to their inclusion. The court, however, instructs defendants to address each of the purported affirmative defenses in their trial brief, as the court is not yet persuaded most of these contentions raised by defendants in their objections are truly affirmative defenses at all. Defendants' failure to address a purported affirmative defense in their trial brief shall constitute a waiver.

ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT BECOMES FINAL ARE DISMISSED AND DEEMED WAIVED.

IX.    ABANDONED ISSUES

None.

X.    WITNESSES

Plaintiff Gudelia Sandoval's witnesses shall be those listed in **Attachment A**; plaintiff Luis Ramos' witnesses shall be those listed in **Attachment B**; plaintiff Alfonso Padron's witnesses shall be those listed in **Attachment C**; and plaintiff Elida Padron's witnesses shall be those listed in **Attachment D**. Defendants' witnesses shall be those listed in **Attachment E**. Each party may call any witnesses designated by the other.

A.    **The court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria:**

(1)    The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

(2)    The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph B, below.

B.    Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

(1)    The witness could not reasonably have been discovered prior to the discovery cutoff;

(2)    The court and opposing parties were promptly notified upon discovery of the witness;

/////

/////

6

1   (3)     If time permitted, the party proffered the witness for deposition; and

2   (4)     If time did not permit, a reasonable summary of the witness's testimony

3           was provided to opposing parties.

## XI.    EXHIBITS, SCHEDULES, AND SUMMARIES

The parties have not agreed upon joint exhibits.  Plaintiff Gudelia Sandoval's exhibits are listed in **Attachment F**; plaintiff Luis Ramos' exhibits are listed in **Attachment G**; plaintiff Alfonso Padron's exhibits are listed in **Attachment H**; and plaintiff Elida Padron's exhibits are listed in **Attachment I**.  Defendants' exhibits are listed in **Attachment J**.  No exhibit shall be marked with or entered into evidence under multiple exhibit numbers, and the parties are hereby directed to meet and confer for the purpose of designating joint exhibits.  Plaintiff's exhibits shall be listed numerically and defendants' exhibits shall be listed alphabetically.  All exhibits must be pre-marked.  The parties must prepare three (3) separate exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above.  Each binder shall have an identification label on the front and spine.  The parties must exchange exhibits no later than **28 days before trial**.  Any objections to exhibits are due no later than **14 days before trial**.  The final exhibits are due **the Thursday before trial**.  In making any objection, the party is to set forth the grounds for the objection.  As to each exhibit which is not objected to, it shall be marked and received into evidence and will require no further foundation.

**The court does not allow the use of undisclosed exhibits for any purpose, <u>including impeachment or rebuttal</u>, unless they meet the following criteria:**

A.      The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

(1)     The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

(2)     The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph B, below.

/////

7

B. Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

(1) The exhibits could not reasonably have been discovered earlier;

(2) The court and the opposing parties were promptly informed of their existence;

(3) The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties

## XII. DISCOVERY DOCUMENTS

The parties must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court no later than **14 days before trial**. The parties reserve the right to offer at trial excerpts of depositions, responses to interrogatories, responses to requests for admission, and initial disclosures.

## XIII. FURTHER DISCOVERY OR MOTIONS

Defendants intend to move by way of pretrial motion that the claims of Elida Padron and Alfonso Padron should be severed and remanded to state court as they do not have any federal claims remaining and their state law claims should be decided in state court. The court notes that under the scheduling order issued in this case, all law and motion is closed.

## XIV. STIPULATIONS

None.

## XV. AMENDMENTS/DISMISSALS

None.

/////

/////

/////

## XVI. SETTLEMENT

The parties have participated in numerous settlement conferences and mediation. The parties do not believe that a further settlement conference would be productive and the court will not require a further settlement conference among the remaining parties absent a joint communication indicating that all those parties are requesting that one be set.

## XVII. JOINT STATEMENT OF THE CASE

The parties are unable to agree on a joint statement of the case at this time. The court will nonetheless require the parties to submit a joint neutral statement of the case to be read to prospective jurors no later than **7 days before trial.**

## XVIII. SEPARATE TRIAL OF ISSUES

Plaintiffs Ramos and Sandoval do not request a separate trial of any issues in this case. The issue of the amount of punitive damages against defendant Alvarez as an individual may be bifurcated it if succeeds at trial.

As noted above, in the event that the claims of the Padron plaintiffs are not remanded to state court, defendants will request that the claims of the Padron plaintiffs be severed and tried separately. Defendants also request that the issue of punitive damages be bifurcated for purposes of trial and the court notes that it is its usual practice to bifurcate with respect to the amount of punitive damages to be awarded, if any.

## XIX. IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

None.

## XX. ATTORNEYS' FEES

Plaintiffs will seek attorneys' fees and costs if they prevail.

## XXI. TRIAL PROTECTIVE ORDER AND REDACTION OF TRIAL EXHIBITS

None at this time. Plaintiffs Ramos and Sandoval reserve the right to request a protective order should the need arise. Defendants also reserve the right to request a protective order should the need arise.

## XXII. MISCELLANEOUS

None.

## XXIII. ESTIMATED TIME OF TRIAL/TRIAL DATE

Jury trial is set for **November 19, 2019**, at 1:00 p.m. in Courtroom 5 before the Honorable Dale A. Drozd.  The parties anticipate the trial to last three to four weeks.  Whenever this case is in fact tried, due to the Eastern District of California's exceedingly heavy caseload, the court has advised the parties that it is highly unlikely that they will be allowed four weeks to try this case and that the court will consider imposing time limits on each party to ensure that the case is tried efficiently.  The parties are otherwise directed to Judge Drozd's standard procedures available on his webpage on the court's website.

The parties are to call Jami Thorp, courtroom deputy, at (559) 499-5652, one week prior to trial to ascertain the status of the current trial date.

## XXIV. PROPOSED JURY *VOIR DIRE* AND PROPOSED JURY INSTRUCTIONS

The parties shall file any proposed jury *voir dire* **7 days before trial**.  Each party will be limited to fifteen minutes of jury *voir dire*.

The court directs the parties to meet and confer in an attempt to generate a joint set of jury instructions and verdicts.  The parties shall file any such joint set of instructions **14 days before trial**, identified as "Joint Jury Instructions and Verdicts."  To the extent the parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions are due **14 days before trial**.

The parties shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a Word document to dadorders@caed.uscourts.gov no later than **14 days before trial**; all blanks in form instructions should be completed and all brackets removed.

Objections to proposed jury instructions must be filed **7 days before trial**; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority.  When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

/////

/////

XXV. <u>TRIAL BRIEFS</u>

       As noted above, trial briefs are due **7 days before trial**.

IT IS SO ORDERED.

    Dated:    **September 5, 2019**

UNITED STATES DISTRICT JUDGE

**ATTACHMENT A:  Gudelia Sandoval's Witness List**

| No. | Name | Subject of Testimony | Estimated Time |
|---|---|---|---|
| 1 | Amelia Figueroa | The witness is the parent of a child at PUSD. Defendant alleged the parent's allegations were the reason for Plaintiff Sandoval's demotion. | 2 hours |
| 2 | Raquel Contreras | The teacher under investigation for alleged contact with the child of Amelia Figueroa. | 2 hours |
| 3 | Ivan Garibay | Union Representative, the witness was present at the meeting of Amelia Figueroa, Raquel Contreras and Plaintiff Gudelia Sandoval. | 2 hours |
| 4 | Stephanie Liles | PUSD Family Case Manager of Amilia Figueroa's child. | 1 hour |
| 5 | Jeffrey Hollis | Investigator for PUSD and the alleged incident leading to Plaintiff's demotion. | 2 hours |
| 6 | Jose Pizano | The witness has knowledge of the events concerning Amilia Figueroa's child which led to the meeting between Ms. Figueroa and Mrs. Sandoval. | 1 hour |
| 7 | Juan Sandoval | The witness has knowledge of plaintiff, Luis Ramos' employment; allegations; and Defendants' employment policies and practices related to the allegations. | 3 hours |
| 8 | Gudelia Sandoval | The witness is a plaintiff in this action has knowledge of plaintiff, L. Ramos' employment; allegations; and Defendants' employment policies and practices related to the allegations. | 4-5 hours |
| 9 | Alfonso Padron | The witness is a plaintiff in this action has knowledge of plaintiff, L. Ramos' employment; allegations; and Defendants' employment policies and practices related to the allegations. | 2 hours |

| | | | |
|---|---|---|---|
| 10 | Elida Padron | The witness is a plaintiff in this action has knowledge of plaintiff, L. Ramos' employment; allegations; and Defendants' employment policies and practices related to the allegations. | 2 hours |
| 11 | Melissa Cano | The witnesses was a Board Member in 2013 during the initial alleged retaliation by Defendant G. Alvarez. | 3 hours |
| 12 | Martha Moreno | The witness has knowledge of plaintiff, Luis Ramos' employment; allegations; and Defendants' employment policies and practices related to the allegations. | 1 hours |
| 13 | Mary Helen Villanueva | The witnesses was a Board Member in 2013 during the initial alleged retaliation by Defendant G. Alvarez. | 2 hours |
| 14 | Raul Villanueva | The witness has knowledge of plaintiff, Luis Ramos' employment; allegations; and Defendants' employment policies and practices related to the allegations. | 1 hours |
| 15 | Rick Maldonado | The witnesses was a Board Member in 2013 during the initial alleged retaliation by Defendant G. Alvarez. | 2 hours |
| 16 | Gerardo Alvarez | Defendant was present during the events alleged by Plaintiff. Alvarez has knowledge of employment policies and practices related to Plaintiff's allegations. | 4-5 hours |

| | | | |
|---|---|---|---|
| 17 | Edward Lucero | The witness is the former Assistant Superintendent and has knowledge of employment policies and practices related to Plaintiff's allegations. | 3 hours |
| 18 | Jim Yovino | Former Fresno County Superintendent. The witness has knowledge of employment policies and practices related to Plaintiff's allegations through investigation conducted with CICA | 2 hours |
| 19 | Anthony Bridges | CICA Deputy Executive Officer. The witness has knowledge of employment policies and practices related to Plaintiff's allegations through investigation conducted with CICA | 3 hours |
| 20 | Blanca Alvarez | Therapist of Amelia Figueroa's child and sister to Defendant Gerardo Alvarez | 2 hours |
| 21 | Rene Rosas | Former principal at Benavidez Elementary. Mr. Rosas was accused of inappropriately grabbing a child 2014-2015 | 2 hours |
| | | **Total Estimated Time** | **48 hours** |

14

# ATTACHMENT B: Luis Ramos' Witness List

| No. | Name | Subject of Testimony | Estimated Time |
|-----|------|---------------------|----------------|
| 1 | Frank Barela | The witness was contacted on October 7, 2014, by Plaintiff regarding Plaintiff's computer. | 1 hours |
| 2 | Juan Sandoval | The witness has knowledge of plaintiff, Luis Ramos' employment; allegations; and Defendants' employment policies and practices related to the allegations. | 3 hours |
| 3 | Gudelia Sandoval | The witness is a plaintiff in this action has knowledge of plaintiff, L. Ramos' employment; allegations; and Defendants' employment policies and practices related to the allegations. | 4-5 hours |
| 4 | Alfonso Padron | The witness is a plaintiff in this action has knowledge of plaintiff, L. Ramos' employment; allegations; and Defendants' employment policies and practices related to the allegations. | 2 hours |
| 5 | Elida Padron | The witness is a plaintiff in this action has knowledge of plaintiff, L. Ramos' employment; allegations; and Defendants' employment policies and practices related to the allegations. | 2 hours |
| 6 | Melissa Cano | The witnesses was a Board Member in 2013 during the initial alleged retaliation by Defendant G. Alvarez. | 3 hours |
| 7 | Martha Moreno | The witness has knowledge of plaintiff, Luis Ramos' employment; allegations; and Defendants' employment policies and practices related to the allegations. | 1 hours |

| | | | |
|---|---|---|---|
| 8 | Mary Helen Villanueva | The witnesses was a Board Member in 2013 during the initial alleged retaliation by Defendant G. Alvarez. | 2 hours |
| 9 | Raul Villanueva | The witness has knowledge of plaintiff, Luis Ramos' employment; allegations; and Defendants' employment policies and practices related to the allegations. | 1 hours |
| 10 | Rick Maldonado | The witnesses was a Board Member in 2013 during the initial alleged retaliation by Defendant G. Alvarez. | 2 hours |
| 11 | Gerardo Alvarez | Defendant was present during the events alleged by Plaintiff. Alvarez has knowledge of employment policies and practices related to Plaintiff's allegations. | 4-5 hours |
| 12 | Edward Lucero | The witness is the former Assistant Superintendent and has knowledge of employment policies and practices related to Plaintiff's allegations. | 3 hours |
| 13 | Jim Yovino | Former Fresno County Superintendent. The witness has knowledge of employment policies and practices related to Plaintiff's allegations through investigation conducted with CICA | 2 hours |
| 14 | Anthony Bridges | CICA Deputy Executive Officer. The witness has knowledge of employment policies and practices related to Plaintiff's allegations through investigation conducted with CICA | 3 hours |
| | | **Total Estimated Time** | **35 hours** |

**ATTACHMENT C:  Alfonso Padron's Witness List**

| No. | Name | Subject of Testimony | Estimated Time |
|-----|------|---------------------|----------------|
| 1 | Detective Varela | The witness has knowledge of plaintiff, A Padron's conversations concerning the wrongful conduct of G. Alvarez. | 1 hour |
| 2 | Melissa Cano | The witness was a Board Member in 2013-14 during the initial and continued alleged retaliation by Defendant G. Alvarez. | 2 hours |
| 3 | Enrique Maldonado | The witness was a Board Member in 2013-14 during the initial and continued alleged retaliation by Defendant G. Alvarez. | 2-3 hours |
| 4 | Gloria Alvarez Gomez | The witness has knowledge of Defendants' employment policies and practices related to the allegations and events. | 2 hours |
| 5 | Israel Lara | The witness has knowledge of plaintiff, A Padron's employment with YCA and events related to the allegations. | 2-3 hours |
| 6 | Edgar Pelayo | The witness has knowledge of plaintiff, A Padron's employment with YCA and events related to the allegations. | 1 hour |
| 7 | Gerardo Alvarez | Defendant was present during the events alleged by Plaintiff. Alvarez has knowledge of employment policies and practices related to Plaintiff's allegations. | 4 hours |
| 8 | Sonia Jasso | The witness has knowledge of plaintiff, A Padron's employment and representation of hiring as a PUSD employee. | 1 hour |
| 9 | Frank Barela | The witness has knowledge of G. Alvarez instructions to disconnect A. Padron's email and the flyer found on L. Ramos computer. | 1 hour |
| 10 | Donnie Andrade | The witness has knowledge of the employment of A. Padron with Eminence and PUSD. | 1 hour |

17

| 11 | Ricardo Vasquez | The witness has knowledge of the employment of A. Padron with Promesa and PUSD and the actions of G. Alvarez | 2 hours |
|----|-----------------|-------------------------------------------------------------------------------------------------------------|---------|
| 12 | Dr. Fernandez | The witness has knowledge of A. Padron's medical issues during the pertinent times. | 2 hours |
| 13 | Mary Helen Villanueva | The witness was a Board Member in 2013-14 during the initial and continued alleged retaliation by Defendant G. Alvarez. | 1 hour |

**ATTACHMENT D:  Elida Padron's Witness List**

| No. | Name | Subject of Testimony | Estimated Time |
|---|---|---|---|
| 1 | Juan Sandoval | The witness has knowledge of plaintiff, E Padron's employment; allegations; and Defendants' employment policies and practices related to the allegations. | 3 hours |
| 2 | Melissa Cano | The witness was a Board Member in 2013 during the initial alleged retaliation by Defendant G. Alvarez. | 2 hours |
| 3 | Rick Maldonado | The witness was a Board Member in 2013 during the initial alleged retaliation by Defendant G. Alvarez. | 2-3 hours |
| 4 | Gloria Alvarez Gomez | The witness has knowledge of plaintiff, E Padron's employment; allegations; and Defendants' employment policies and practices related to the allegations and events. | 2 hours |
| 5 | Praxades Torres | The witness has knowledge of plaintiff, E Padron's employment; allegations; and Defendants' employment policies and practices related to the allegations and events leading to removal of contract. | 2-3 hours |
| 6 | Mario Vargas | The witness has knowledge of plaintiff, E Padron's employment; allegations; and Defendants' employment policies; events and practices related to the allegations | 1 hour |
| 7 | Gerardo Alvarez | Defendant was present during the events alleged by Plaintiff. Alvarez has knowledge of employment policies and practices related to Plaintiff's allegations. | 4 hours |

**ATTACHMENT E:  Defendants' Witness List**

1.      GERARDO ALVAREZ, who may be contacted through Defendants' counsel.

2.      EDWARD LUCERO, who may be contacted through Defendants' counsel.

3.      Celia Paz, Resouce, who may be contacted through Defendants' counsel.

4.      GUDELIA SANDOVAL, plaintiff.

5.      LUIS RAMOS, plaintiff, regarding his claims.

6.      Stephanie Liles, who may be contacted through Defendants' counsel.

7.      ELIDA PADRON, plaintiff.

8.      ALFONSO PADRON, plaintiff.

9.      Amelia Figueroa.  This responding party is prohibited from releasing student addresses and telephone numbers without a court order, pursuant to California Education Code section 49076 and 20 USC 1232g.

10.     Eriberto Figueroa.  This responding party is prohibited from releasing student addresses and telephone numbers without a court order, pursuant to California Education Code section 49076 and 20 USC 1232g.

11.     Juan Figueroa.  This responding party is prohibited from releasing student addresses and telephone numbers without a court order, pursuant to California Education Code section 49076 and 20 USC 1232g.

12.     Daisy Figueroa.  This responding party is prohibited from releasing student addresses and telephone numbers without a court order, pursuant to California Education Code section 49076 and 20 USC 1232g.

13.     Jeffrey Hollis, Oliver, Thomas, Pierce and Patty Investigations, 9493 N. Fort Washington Road, Suite 102, Fresno, Ca., 93730-0660 (559) 435-3940.

14.     ISRAEL LARA, who may be contacted through his counsel Justin Campagne, who is of record in this matter.

15.     Mary Helen Villanueva, 13330 Cypress, Parlier, Ca., (559) 646-9295.

16.     Enrique Maldonado, 13031 Sunset Ave., Parlier, Ca., (559) 356-0229.

17.     Melissa Cano, 430 Petit St., Parlier Ca., (559) 393-6863.

18. David Torres, 1168 Eva Donna, Parlier Ca., (559) 646-3944.

19. Fernando Banuelos, 560 H. Street, Parlier Ca., (559) 250-7211.

20. Jacqueline Escoto, 85335 S. Parlier St., (559) 393-9774.

21. Edgar Pelayo, 872 Tuolumne St., Parlier, Ca., (559) 346-9109.

22. Stephanie Moreno, 395 Herring Ave., Parlier Ca., (559) 356-0229.

23. Jose Reyes, 13563 Cypress, Parlier Ca., (559) 590-8285.

24. Sebastian Benavidez Jr., P.O. Box 1744, Fresno, Ca., (559) 970-8675.

25. Gloria Gomez-Alvarez, 139 E. Bellaire, Fresno, Ca., (559) 229-3407.

26. Benjamin Rosenbaum, 1111 Van Ness Ave., Fresno, CA 559-265-3003.

27. Sarah Garcia, 2001 North Main St., Suite 500, Walnut Creek, CA 94596 (559) 431-5600.

28. Frank Apecechea, who may be contacted through Defendants' counsel.

29. Wesley Sever, 1310 Stroud Avenue, Kingsburg, Ca., 93631 (559) 897.

30. Praxades Torres, who may be contacted through Defendants' counsel.

31. Raul Alvarez, 1574 S. Lind Ave., Fresno, Ca.

32. Frank Barela, who may be contacted through Defendants' counsel.

33. Miriam Zepeda, who may be contacted through Defendants' counsel.

34. Javier Martinez, 440 Faller Ave., Sanger Ca., (559) 285-0640.

35. Rosalinda Barboa, 1713 Aspen St., Selma, Ca., (559) 896-7306.

36. Antonio Aguilar, 15429 E. South St., Parlier Ca., (559) 645-2959.

37. Katelyn Kelly, 6625 W. Damsen, Visalia, Ca., (559) 909-2295.

38. Kelly Gazaway, 5034 W. Bullard Ave., Apt. 104, Fresno, Ca., (559) 871-2708.

39. Emilia Arjon, 216 Meadow Lane, Kingsburg Ca., (559) 305-2842.

40. Martin Mares, 1020 Redwood St., (559) 646-3146.

41. Dr. Rene Rosas, who may be contacted through Defendants' counsel.

42. Armanda Ayala, who may be contacted through Defendants' counsel.

43. Rachel Contreras, 2603 17th St., Kingsburg, Ca., (559) 897-0263.

44. Maria Meneses-Trejo, last known address 2285 Mitchell Ave., Selma, Ca., (661)

618-0631.

45.    Henry Rodriguez, last known address 1752 N. Thompson, Reedley, Ca., (559)
       638-2496.

46.    Fernando Elizondo, last known address 10712 N. Windham Bay Circle, Fresno Ca.

47.    Officer R. Jimenez, Parlier City Police Officer Badge No. K058.

48.    Sonia Jasso, who may be contacted through Defendants' counsel.

49.    Blanca Alvarez, LMFT, 14406 E. Adams, Parlier Ca., (559) 646-2392.

50.    Rick Maldonado, who may be contacted through Defendants' counsel.

51.    Raquel Contreras, who may be contacted through Defendants' counsel.

52.    Jose Pizano, who may be contacted through Defendants' counsel.

53.    Ivan Garibay, who may be contacted through Defendants' counsel.

**ATTACHMENT F:  Gudelia Sandoval's Exhibit List**

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| 1 | Administrative Employment Agreement 2014-2016 |
| 2 | PUSD Certificated Payment Schedule 2016-2017 for Gudelia Sandoval |
| 3 | PUSD Certificated Payment Schedule 2016-2017 Appendix A-3 |
| 4 | PUSD Certificated Payment Schedule 2016-2017 Administration/Coordinator/ Director |
| 5 | PUSD Certificated Management Payment Schedule 2016-2017 for Gudelia Sandoval |
| 6 | Employee Payroll Earnings Report for Gudelia Sandoval |
| 7 | PUSD Union Dues and Health Insurance Payments deducted from Gudelia Sandoval. |
| 8 | CSEA Notice re: Melissa Cano |
| 9 | PUSD Special Board Meeting Minutes June 25, 2014 |
| 10 | California School Information Services (CSIS) Fiscal Crisis & Management Team, Extraordinary Audit Report May 6, 2016 |
| 11 | Campaign Flyer "Vote for Experience"  Melissa Cano, Mary Villanueva, Raul Villanueva |
| 12 | PUSD Evaluation Reports for Gudelia Sandoval |
| 13 | PUSD Initial Hire forms for Gudelia Sandoval |
| 14 | Fresno Superior Court Request for Civil Harassment Restraining Order, Case No. 14CECG01838, filed June 30, 2014 |
| 15 | Workers Compensation Claim Form (DWC-1), dated November 13, 2014 |

| | |
|---|---|
| 16 | Gudelia Sandoval's Response to the Alleged Complaint Investigation Findings dated February 11, 2015 |
| 17 | Portions of Deposition Transcript Melissa Cano, dated March 3, 2017 |
| 18 | Portions of Deposition Transcript Enrique (Rick) Maldonado, dated March 3, 2017 |
| 19 | Portions of Deposition Transcript Gerardo Alvarez, dated May 26, 2017 |
| 20 | Fresno Superior Court Complaint, Civil Unlimited Case No. 14CECG03500 |
| 21 | Statement of Facts Roster of Public Agencies, Filed March 4, 2013 |
| 22 | Statement of Facts Roster of Public Agencies Filed March 26, 2015 |
| 23 | CalStrs 06/30/2016 Retirement Report for Gudelia Sandoval |
| 24 | Hannah Esqueda, *District Answers Complaints About Chavez Elementary*, Vol. 26 No. 51, The Parlier Post (October 2, 2013) |
| 25 | Portions of Deposition Transcript Gudelia Sandoval, dated April 12, 2017 |
| 26 | 2013 State Testing PUSD Chavez Elementary |
| 27 | PUSD Resolution No. 11-2015/16 Notice of Release/ Reassignment, dated January 26, 2016. |

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| 1 | Correspondence from Ben Benavidez, Director of the Parent Resource Center, dated October 13, 2014. |
| 2 | 2014 PUSD Board Election document for Mary Ellen Villanueva, Melissa Cano, and Raul Villlanueva |
| 3 | Email from PUSD (Edward Lucero) to PUSD staff, dated October 8, 2014 and October 9, 2014 |
| 4 | Memorandum of Understanding by and Between Parlier Unified School District and Community Union, Inc. |
| 5 | PUSD Board Election document for Rick Maldonado and Jose Reyes |
| 6 | Portions of Deposition Transcript Melissa Cano, dated March 3, 2017 |
| 7 | Portions of Deposition Transcript Enrique (Rick) Maldonado, dated March 3, 2017 |
| 8 | Portions of Deposition Transcript Gerardo Alvarez, dated May 26, 2017 |
| 9 | Fresno Superior Court Complaint, Civil Unlimited Case No. 14CECG03500 |
| 10 | Statement of Facts Roster of Public Agencies, Filed March 4, 2013 |
| 11 | Statement of Facts Roster of Public Agencies Filed March 26, 2015 |
| 12 | CSEA Notice re: Melissa Cano |
| 13 | California School Information Services (CSIS) Fiscal Crisis & Management Team, Extraordinary Audit Report May 6, 2016 |

**ATTACHMENT H: Alfonso Padron's Exhibit List**

| Exh. No. | Date | Document |
|---|---|---|
| 1. | | 4th Amended Complaint |
| 2. | | Insurance Document |
| 3. | | Gerardo Alvarez Created MOU |
| 4. | | YCA Contract-Castani |
| 5. | | Melissa Cano Deposition |
| 6. | | Elida Padron Deposition |
| 7. | | Alfonso Padron Deposition |
| 8. | | Enrique Maldonado Deposition |
| 9. | | Summary Judgement Motion COURT ORDER |
| 10. | | Alvarez Fraud Arrest (Media Reports) |
| 11. | | PUSD Agenda Permission to Perform Duties |
| 12. | | Gerardo Alvarez Deposition |
| 13. | | Fresno County Grand Jury Report (2015) |
| 14. | | Restorative Justice Documents |
| 15. | | Consultant Wage Report |
| 16. | | Dr. Fernandez Deposition |
| 17. | | Gerardo Alvarez Superior Court Case |
| 18. | | Israel Lara Deposition |
| 19. | | A. Padron and Lara Text Messages |
| 20. | | A. Padron Employment Document |
| 21. | | Reynolds Report Concerning Grand Jury Findings |
| 22. | | E. Padron and A. Padron Summer Contract (June 16 – July 31, 2014) – Approved by G. Alvarez, Superintendent on June 5, 2014 |
| 23. | | Petition for Investigation to the District Attorney Integrity Unit |

| Exh. No. | Date | Document |
|---|---|---|
| 1. | | 4th Amended Complaint |
| 2. | | E. Padron Contract |
| 3. | | Supplemental Contract |
| 4. | | E. Padron Deposition |
| 5. | | G. Alvarez Deposition |
| 6. | | M. Cano Deposition |
| 7. | | A. Padron Deposition |
| 8. | | E. Maldonado Deposition |
| 9. | | PUSD Board Agendas |
| 10. | | Summary Judgment Court Order |
| 11. | | Alvarez Fraud Arrest Fresno Bee |
| 12. | | Fresno County Grand Jury Report |
| 13. | | PUSD Documents E. Padron Employment |
| 14. | | E. Padron Cancelled Check |
| 15. | | E. Padron Email to Gloria Gomez |
| 16. | | E. Padron and A. Padron Summer Contract (June 16 – July 31, 2014) – Approved by G. Alvarez, Superintendent on June 5, 2014 |

**ATTACHMENT J: Defendants' Exhibit List**

| Exh. No. | Date | Document |
|---|---|---|
| 1. | 4/19/16 | Civil Complaint for Damages in the matter Alfonso Padron v. City of Parlier, City Council Members Individual and Official Capacity and Israel Lara City Manager Individual and Official Capacity. Case number 16CV-00549LJO SAB |
| 2. | 01/25/16 | Civil Complaint for Damages in the matter Alfonso Padron v. City of Parlier, City Council Members, City Employee and City Manager. Case number 16 CE CG 00211 |
| 3. | 11/17/15 | Civil Complaint for Damages in the matter Alfonso Padron v. Stephanie Moreno, Edward Lucero, and Edgar Pelayo. Case number 15 CE CG 03521 |
| 4. | 01/01/14 | Memorandum of Understanding between Youth Centers of America and John C. Martinez Elementary, dated January 1, 2014 |
| 5. | | One-page Re-Elect Melissa Cano |
| 6. | | One-Page Re-Elec Mary Helen Villanueva |
| 7. | | One-page flyer Constancio T. Flores |
| 8. | | One-page flyer Raul Villanueva |
| 9. | | One-page flyer Gersan Torres |
| 10. | | Two page flyer Jose Reyes, Enrique Maldonado |
| 11. | 10/08/14 | Email form Mr. Lucero re do not engage in political activity during work hours |
| 12. | 12/09/14 | Email form Mr. Lucero re Luis Ramos |
| 13. | 09/08/16 | Six Page Defendant Parlier Unified School District's Request for Production of Documents, Set One to Plaintiff Elida Padron |
| 14. | 10/13/16 | Eight page Plaintiff Elida Padron's Response to Defendant Parlier Unified School District's request for Production of Documents, Set One |
| 15. | 00/00/00 | Two page Individual Usage Details for Maria Ramos Espi |
| 16. | 00/00/00 | One page School Board Conflict of Interest and Corruption |
| 17. | 00/00/00 | Employment Agreement for Attendance/ SARB Support Services Administrative Consultant |
| 18. | 11/19/14 | E-mail dated November 19, 2014, from Gloria Gomez to Elida Padron |
| 19. | 10/29/14 | Letter dated October 29, 2014 Addressed to Gudelia Sandoval |
| 20. | 01/22/13 | Two page Employment Agreement for Attendance/SARB Support Services Consultant, dated 1/22/13 |
| 21. | 00/00/00 | Two page revised consultant proposal 2013-2014 Elida Padron |
| 22. | 00/00/00 | Two page revised consultant proposal 2014-2015 |
| 23. | 10/01/13 | Two page document to Superintendent Gerardo Alvarez dated 10/1/13 |

| Exh. No. | Date | Document |
| --- | --- | --- |
| | | from Elida Padron |
| 24. | 00/00/00 | One page revised consultant proposal 2013-2014 Elida Padron |
| 25. | 04/03/14 | Administrative Employment Agreement 2014-2016 |
| 26. | 07/01/14 | Administrative Employment Agreement 2014-2016 between PUSD and Gudelia Sandoval |
| 27. | 00/00/00 | Workers' compensation claim form Gudelia Sandoval |
| 28. | 02/05/15 | February 5, 2015 letter to Gudelia Sandoval from Edward Lucero, Deputy Superintendent, enclosures |
| 29. | | Discovery response form Alfonso Padron contained as Exhibit 5 to Padron's deposition. |
| 30. | 00/00/00 | Personnel files of Gudelia Sandoval c/o Parlier Unified School District |
| 31. | 00/00/00 | Personnel files of Elida Padron |
| 32. | 00/00/00 | Contracts between YOUTH CENTERS OF AMERICA and PARLIER UNIFIED SCHOOL DISTRICT |
| 33. | | Consultant proposal from Elida Padron for 2013-2014, and revisions thereto |
| 34. | | Consultant Employment Agreement between ELIDA PADRON and PARLIER UNIFIED SCHOOL DISTRICT. |
| 35. | | Total Payments Report for Elida Padron |
| 36. | | Post-Retirement Consultant Agreements and addenda between Ben Benavidez and PARLIER UNIFIED SCHOOL DISTRICT |
| 37. | | Correspondence from GERARDO ALVAREZ to LUIS RAMOS regarding disruption of school duties and activities |
| 38. | | Workers' Compensation files regarding the claim of GUDELIA SANDOVAL and related Worker's Compensation documents |
| 39. | | Email from ALFONSO PADRON to LUIS RAMOS regarding election posters |
| 40. | | Criminal records regarding Juan Sandoval |
| 41. | | PUSD Board Policy 1312.1 |
| 42. | | PUSD Board Policy 1312.3 |
| 43. | | Minutes of the PARLIER UNIFIED SCHOOL DISTRICT Board of Trustees from June 1, 2013 to the present |
| 44. | | Agendas of the PARLIER UNIFIED SCHOOL DISTRICT Board of Trustees from June 1, 2013 to the present |
| 45. | | Recordings or videos, to the extent they exist, of the PARLIER UNIFIED SCHOOL DISTRICT Board of Trustees from June 1, 2013 to the present |
| 46. | | Chavez Elementary School student testing abstract records |
| 47. | | Chavez Elementary School maintenance records |

| Exh. No. | Date | Document |
|---|---|---|
| 48. | | Complaints regarding Chavez Elementary and/or GUDELIA SANDOVAL |
| 49. | 10/08/14 | E-mail dated 10/8/14 from Edward Lucero to All Staff, teachers, and principals at PUSD, and Brianna Vaccari |
| 50. | 00/00/14 | One page 1099-MISC Tax Form |
| 51. | 10/21/16 | Plaintiff Alfonso Padron's Response to Defendant Youth Centers of America's Special Interrogatories dated 10/21/16. |
| 52. | 10/21/16 | Plaintiff Alfonso Padron's Response to Defendant Youth Centers of America's Request for Admissions dated 10/21/16. |
| 53. | 10/29/14 | Online Posting from Edward Lucero dated 10/29/14. |
| 54. | 01/13/15 | Letter to Ashley Emerzian from Jeffrey Hollis dated 1/13/15. |
| 55. | | Personnel file of Juan Sandoval |
| 56. | | Personnel file of Raul Villanueva |
| 57. | | Personnel file of Martha Moreno |
| 58. | | Notice of termination and statement of charges and exhibits thereto in the matter of Juan Sandoval. |
| 59. | | Video of crowd behavior when Juan Sandoval refused to leave district property. |
| 60. | | Complaints regarding Chavez Elementary re Raul Villanueva. |
| 61. | | Letter dated November 3, 2004 addressed to Raul Villanueva. |
| 62. | | Letter dated July 20, 2015 addressed to Martha Moreno. |