UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS RAMOS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GERARDO ALVAREZ, et al.,<br><br>    Defendants. | No. 1:15-cv-00535-DAD-EPG<br><br>ORDER RULING ON THE PARTIES' MOTIONS IN LIMINE<br><br>(Doc. Nos. 218, 219) |

At the August 5, 2019 final pretrial conference held in this action the parties were advised that the Eastern District of California has long labored under one of the heaviest weighted caseloads in the country per judge, that the lack of judicial resources in this district had reached a crisis level and that, as a result, the amount of those scarce resources that could be devoted to the trial of this action would be limited. The court also advised the parties that the filing of motions in limine was discouraged. That admonition was repeated in the court's Final Pretrial Order. (Doc. No. 217 at 2.) Nonetheless, the parties have ignored this court's admonition for the most part and filed a total of sixty-nine motions in limine[1] along with over 250 pages of briefing and

---

[1] Counsel for defendants filed 49 of the 69 motions in limine. Although counsel for plaintiffs Luis Ramos and Gudelia Sandoval purported to file only two motions in limine, counsel delineated 20 such motions under two headings and the court in ruling will refer to those as motions 1 through 20. It also is apparent from these motions that little effort was devoted by counsel to any meet and confer process. Pro se plaintiffs Alfonso and Elida Padron filed no motions in limine.

1

other documents addressing those motions.  Given both the volume and sometimes convoluted and/or arguably frivolous nature of some of those motions, the court will merely rule on them in abbreviated fashion below.

**Motions in Limine Filed on Behalf of Plaintiffs Luis Ramos and Gudelia Sandoval (Doc. No. 219):**

- Motions in Limine #1, #5, #7, #9, and #12:  Granted.
- Motions in Limine #2, #3, #4, #6, and #10:  Granted in part, limiting the testimony of these witnesses to matters regarding the actions of the plaintiffs remaining in this action, and excluding testimony from these witnesses regarding the conduct of Juan Sandoval, a terminated plaintiff, as irrelevant.
- Motion in Limine #8:  Granted in part, limiting the testimony of witness Martin Mares to the relevant subjects of the defendant district's LEA Plan and related projects, and excluding testimony regarding Juan Sandoval's conduct as irrelevant.
- Motion in Limine #11:  Granted.
- Motion in Limine #13:  Granted in part, limiting the testimony of witness Sonia Jasso to matters with respect to the actions of the remaining plaintiffs in this action and excluding testimony regarding the conduct of Juan Sandoval as irrelevant.
- Motions in Limine #14, #15, #16, #17, #18, and #19:  Denied without prejudice to the renewal of objection when and if the documents in question are offered into evidence.
- Motion in Limine #20:  Denied without prejudice to the renewal of objection when and if the documents in question are offered into evidence.

**Motions in Limine Filed on Behalf of Defendants Gerardo Alvarez and Parlier Unified School District (Doc. No. 218):**

- Motion in Limine #1:  Granted.
- Motion in Limine #2:  Granted.
- Motion in Limine #3:  Granted, albeit unnecessary.

- Motion in Limine #4: Granted without prejudice to plaintiffs presenting additional argument as to why such evidence should be admitted in this case.
- Motion in Limine #5: Denied.
- Motion in Limine #6: Denied without prejudice to renewal of the objection when and if such evidence is offered at trial.
- Motion in Limine #7: Denied.
- Motion in Limine #8: Denied.
- Motion in Limine #9: Denied without prejudice to renewal of the objection when and if such evidence is offered at trial.
- Motion in Limine #10: Denied.
- Motion in Limine #11: Granted in part, limiting the testimony of any former plaintiffs to this action to the events they witnessed pertaining to the claims of the remaining plaintiffs and excluding all testimony regarding their own claims or complaints against the defendants.
- Motion in Limine #12: Granted.
- Motion in Limine #13: Denied.
- Motion in Limine #14: Denied without prejudice to defendants renewing their objection at trial if appropriate.
- Motion in Limine #15: Denied as moot because plaintiffs do not intend to call an expert at trial.
- Motion in Limine #16: Denied. Witnesses appear on the Witness Lists made part of the Final Pretrial Order which specifically provides that "[e]ach party may call any witnesses designated by the other." (Doc. No. 217 at 6.)
- Motion in Limine #17: Denied. Witnesses appear on the Witness Lists made part of the Final Pretrial Order which specifically provides that "[e]ach party may call any witnesses designated by the other." (Doc. No. 217 at 6.)
- Motion in Limine #18: Denied. Witnesses appear on the Witness Lists made part of the Final Pretrial Order which specifically provides that "[e]ach party may call

any witnesses designated by the other." (Doc. No. 217 at 6.)
- Motion in Limine #19: Denied. Witnesses appear on the Witness Lists made part of the Final Pretrial Order which specifically provides that "[e]ach party may call any witnesses designated by the other." (Doc. No. 217 at 6.)
- Motion in Limine #20: Denied without prejudice to renewal of objection with greater specificity. It appears to the court that the exhibits in question were listed on the exhibit lists incorporated by the Final Pretrial Order.
- Motion in Limine #21: Denied without prejudice to renewal of objection with greater specificity. It appears to the court that the exhibits in question were listed on the exhibit lists incorporated by the Final Pretrial Order.
- Motion in Limine #22: Denied without prejudice to renewal of objection with greater specificity. It appears to the court that the exhibits in question were listed on the exhibit lists incorporated by the Final Pretrial Order.
- Motion in Limine #23: Denied without prejudice to renewal of objection with greater specificity. It appears to the court that the exhibits in question were listed on the exhibit lists incorporated by the Final Pretrial Order.
- Motion in Limine #24: Denied as unnecessary.
- Motion in Limine #25: Denied.
- Motion in Limine #26: Granted.
- Motion in Limine #27: Denied without prejudice to renewal when and if the evidence is offered at trial.
- Motion in Limine #28: Granted in part, excluding testimony or evidence with reference to the "Sunshine Club Fund."
- Motion in Limine #29: Denied without prejudice to renewal when and if the evidence is offered at trial.
- Motion in Limine #30: Denied without prejudice to renewal when and if the evidence is offered at trial.

- Motion in Limine #31: Denied without prejudice to renewal when and if the evidence is offered at trial.
- Motion in Limine #32: Granted.
- Motion in Limine #33: Granted.
- Motion in Limine #34: Granted.
- Motion in Limine #35: Denied.
- Motion in Limine #36: Granted without prejudice to plaintiff presenting further argument in support of admissibility.
- Motion in Limine #37: Granted.
- Motion in Limine #38: Granted.
- Motion in Limine #39: Denied. *See* Federal Rule of Evidence 32(a)(1).
- Motion in Limine #40: Granted.
- Motion in Limine #41: Denied without prejudice to the renewal of the objection if such evidence is offered at trial.
- Motion in Limine #42: Granted.
- Motion in Limine #43: Granted.
- Motion in Limine #44: Denied without prejudice to the renewal of the objection if such evidence is offered at trial.
- Motion in Limine #45: Denied without prejudice to the renewal of the objection if such evidence is offered at trial.
- Motion in Limine #46: Denied without prejudice to the renewal of the objection if such evidence is offered at trial.
- Motion in Limine #47: Denied without prejudice to the renewal of the objection if such evidence is offered at trial.
- Motion in Limine #48: Denied as utterly unreasonable.
- Motion in Limine #49: Granted.

*/////*

*/////*

**Trial Schedule**

In its Final Pretrial Order the court indicated that, despite the parties' estimate that the trial of this case was anticipated to take three to four weeks, that it was highly unlikely that they could be given that much time. This remains the case. This trial will be conducted on the following days unless it is submitted to the jury for decision earlier: November 19 (commencing at 1:00 p.m.), November 20, November 21, November 26, November 27[2], December 3 (commencing at 1:00 p.m.), December 4, December 5, December 6, December 10, December 11, December 12 and December 13. During jury selection the perspective jurors will be advised that this matter will be submitted to the jury for decision no later than the morning of December 13, 2019. As stated in the Final Pretrial Order, if necessary the court will impose time limits upon the parties for the presentations of their case in order to meet this schedule.

IT IS SO ORDERED.

Dated: **November 18, 2019**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE

---

[2] On November 22, 2019, the undersigned is presiding over a day long settlement conference in a statewide class action prison conditions lawsuit. The court is closed on November 28 and 29 for the Thanksgiving Holiday.

6