UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS RAMOS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GERARDO ALVAREZ, et al.,<br><br>    Defendants. | No. 1:15-cv-00535-DAD-EPG<br><br>ORDER DENYING PLAINTIFFS' MOTIONS FOR A NEW TRIAL<br><br>(Doc. Nos. 297, 299, 314, 315, 317) |

    This case proceeded to jury trial on plaintiffs' claims under state and federal law alleging that defendant Gerardo Alvarez, while acting as the Superintendent for defendant Parlier Unified School District ("PUSD"), solicited political campaign contributions in exchange for terms of employment; used PUSD funds to support certain political candidates; made defamatory statements and disclosed private information concerning plaintiffs; and took adverse employment actions against plaintiffs based on their political affiliations, and that PUSD approved, through its school board, defendant Alvarez's decisions without affording plaintiffs due process.

    The eleven-day jury trial commenced on November 19, 2019 and concluded on December 12, 2019 with the jury returning unanimous verdicts in favor of defendant on all of plaintiffs' claims. (Doc. Nos. 261, 284, 289–292.) Judgment was entered on December 12, 2019. (Doc. No. 294.)

On December 22, 2019, plaintiffs Gudelia Sandoval and Luis Ramos filed a motion for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure.[1]  (Doc. No. 297.)  The next day, plaintiffs Sandoval and Ramos filed a notice of motion specifying the hearing date and time set by the court.  (Doc. No. 299.)  On January 10, 2020, plaintiffs Sandoval and Ramos filed an amended motion for a new trial to include citations to the transcript of trial proceedings, which had been filed by the court reporter after the original motion for a new trial was filed.  (Doc. No. 314.)  On March 3, 2020, defendants filed an opposition to the pending motion for a new trial brought by plaintiffs Sandoval and Ramos.  (Doc. No. 319.)  Plaintiffs Sandoval and Ramos did not file a reply thereto.

On January 14, 2020, plaintiffs Alfonso Padron ("Alfonso") and Elida Padron ("Elida"), proceeding *pro se*, filed a notice of motion for a new trial pursuant to Rule 59.  (Doc. No. 315.)  On February 5, 2020, plaintiffs Alfonso and Elida filed their motion for a new trial, supported by a memorandum of points and authorities.  (Doc. No. 317.)  On March 3, 2020, defendants filed their opposition to the pending motion for a new trial brought by plaintiffs Alfonso and Elida.  (Doc. No. 318.)  Plaintiffs Alfonso and Elida did not file a reply thereto.

The facts of this case are well-known to the court and the parties, and therefore will not be summarized herein.

**LEGAL STANDARD**

Rule 59 of the Federal Rules of Civil Procedure provides that "[t]he court may, on motion, grant a new trial . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court."  Fed. R. Civ. P. 59(a)(1)(A).  Rather than specify the grounds on which a motion for a new trial may be granted, Rule 59 states that courts are bound by historically

---

[1] The undersigned apologizes to the parties for the excessive delay in the issuance of this order.  This court's overwhelming caseload has been well publicized and the long-standing lack of judicial resources in this district has reached crisis proportion.  Unfortunately, that situation (which remains unaddressed to this day and has left the undersigned currently presiding over 1,300 civil cases and criminal cases involving 735 defendants) sometimes results in the court not being able to issue orders in submitted civil matters within an acceptable period of time.  This situation is frustrating to the court, which fully realizes how incredibly frustrating it is to the parties and their counsel.

recognized grounds, which include, but are not limited to, claims "that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving." *Molksi v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007); *see also Shimko v. Guenther*, 505 F.3d 987, 992 (9th Cir. 2007) ("The trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice.") (citations omitted).  The district court may correct manifest errors of law or fact, but the burden of showing that harmful error exists falls on the party seeking the new trial. *Malhoit v. S. Cal. Retail Clerks Union*, 735 F.2d 1133 (9th Cir. 1984); *see also* 11 Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 2d § 2803 (1995).  When a party claims that a verdict is against the clear weight of the evidence, the court should give full respect to the jury's findings and only grant a new trial if it "is left with the definite and firm conviction that a mistake has been committed" by the jury. *Landes Constr. Co. v. Royal Bank of Can.*, 833 F.2d 1365, 1371–72 (9th Cir. 1987).  "While the trial court may weigh the evidence and credibility of the witnesses, the court is not justified in granting a new trial merely because it might have come to a different result from that reached by the jury." *Roy v. Volkswagen of Am. Inc.*, 896 F.2d 1174, 1176 (9th Cir. 1990), *opinion amended on denial of reh'g*, 920 F.2d 618 (9th Cir. 1990); *see also Silver Sage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 819 (9th Cir. 2001) ("[A] district court may not grant a new trial simply because it would have arrived at a different verdict.").  The authority to grant a new trial under Rule 59 is left almost entirely to the discretion of the trial court. *Allied Chem. Corp. v. Daiflon*, 449 U.S. 33, 36 (1980).

"A motion for a new trial must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b).  Although courts may extend certain deadlines for good cause, "[a] court must not extend the time to act under Rule[] . . . 59(b), (d), and (e), . . .." Fed. R. Civ. P. 6(b). "Rule 6(b)(2) explicitly bars the Court from extending the deadline for filing a Rule 59 Motion." *United States v. 1003.58 Acres of Land*, No. 5:16-cv-01014-VAP-SP, 2018 WL 11275545, at *2 (C.D. Cal. July 2, 2018) (citing *Tillman v. Ass'n of Apartment Owners of Ewa Apartments*, 234 F.3d 1087, 1089 (9th Cir. 2000) (district court was without jurisdiction to consider an untimely

filed Rule 59(a) motion)); *see also Magarrell v. Mangis*, No. 1:04-cv-2634-LKK-DAD, 2012 WL 4468206, at *2 (E.D. Cal. Sept. 25, 2012) ("Under Rule 6(b), the court is without any power to extend the filing deadline for a motion for a new trial.").

## ANALYSIS

As a preliminary matter, defendants argue that neither of the pending motions for a new trial were timely filed and that both should be denied as untimely. None of the plaintiffs filed a reply brief responding to defendants' arguments in this regard.

**A.     Motion for a New Trial filed by Plaintiffs Alfonso and Elida**

The court agrees with defendants that plaintiffs Alfonso and Elida did not timely file their motion for a new trial. Because judgment was entered in this case on December 12, 2019, the deadline for filing a motion for a new trial was January 9, 2020. Plaintiffs Alfonso and Elida filed a one-page notice of motion for a new trial on January 14, 2020—five days after the filing deadline (i.e., 33 days after the entry of judgment). (Doc. No. 315 at 1.) In that notice, plaintiffs Alfonso and Elida merely state that they request a new trial and permission to be heard, but they do not state the grounds for their motion. (*Id.*) They filed their pending motion for a new trial, supported by a memorandum of points and authorities stating the grounds for their motion, on February 5, 2020—27 days after the filing deadline (i.e., 55 days after the entry of judgment). (Doc. No. 317.) Thus, because plaintiffs Alfonso and Elida filed their notice of motion and motion for a new trial after the January 9, 2020 filing deadline, the court must deny their motion as untimely. *See Magarrell*, 2012 WL 4468206, at *2 (noting that the filing deadline set by Rule 59(b) "is mandatory and jurisdictional") (citing *Tillman*, 234 F.3d at 1089)); *see also Everyday Disc., Inc. v. State Farm Gen. Ins. Co.*, No. 18-cv-902-GW-PLA, 2020 WL 8225733, at *1 (C.D. Cal. Dec. 10, 2020) (denying a motion for a new trial because it was filed 29 days after the entry of judgment); *Vieira v. County of Sacramento*, No. 18-cv-05431-VC, 2020 WL 1792098, at *1 (N.D. Cal. Apr. 9, 2020) (denying a motion for a new trial that was filed on the 29th day after entry of judgment as untimely and noting that "[t]he court cannot extend this deadline—not even for good cause"); *Florence v. Colter*, No. 2:11-cv-03119-TLN-KJN, 2019 WL 3066370, at *1 (E.D. Cal. July 12, 2019) (concluding that a motion for a new trial filed 33 days after entry of

judgment was untimely); *1003.58 Acres of Land*, 2018 WL 11275545, at *2–3 (concluding that a motion for a new trial that was filed 35 days after judgment "was untimely and that untimeliness compels denial").

Accordingly, the pending motion for a new trial filed by plaintiffs Alfonso and Elida (Doc. Nos. 315, 317) will be denied as untimely.

**B.     Motion for a New Trial filed by Plaintiffs Ramos and Sandoval**

The court does not agree with defendants, however, that the pending motion for a new trial filed on behalf of plaintiffs Ramos and Sandoval was untimely filed. As noted, the deadline to file such motion was January 9, 2020. Defendants argue that because plaintiffs Ramos and Sandoval filed an *amended* motion for a new trial on January 10, 2020, their motion was filed one day late. (Doc. No. 319 at 6.) However, the original motion was filed on December 22, 2019 and the notice of that motion was filed on December 23, 2019, well before the January 9, 2020 deadline. (Doc. Nos. 297, 299.) Notably, the amended motion is the same as the original motion with the only difference being the addition of citations to the trial transcript that could not have been included initially because the trial transcript was filed by the court reporter *after* plaintiffs Ramos and Sandoval's original motion for a new trial was filed. Given these circumstances, the court concludes that plaintiffs Ramos and Sandoval timely filed the pending motion for a new trial despite their subsequent amendment to include citations to the trial transcript in their supporting memorandum of points and authorities. Accordingly, the court will turn to the merits of their pending motion for a new trial.

Plaintiffs Ramos and Sandoval (hereinafter "plaintiffs") move for a new trial based on the grounds that the jury's verdicts on their claims are against the weight of the evidence, that the court's exclusion of certain evidence was erroneous and prejudicial, and that defense counsel made improper statements during closing arguments designed to inflame the passions of the jury. (Doc. No. 314.)

   1.     Weight of the Evidence

In their motion, plaintiffs argue that the weight of the evidence did not support the jury's verdict as to their § 1983 first amendment claim, plaintiff Sandoval's § 1983 due process claim,

5

their invasion of privacy claims, and their emotional distress claims. (Doc. No. 314 at 5–11.) However, plaintiffs focus solely on the evidence that they presented, while largely ignoring the evidence defendant presented at trial. Plaintiffs contend that because of *their* evidence, the jury's verdicts were against the weight the evidence.

For example, plaintiff Sandoval emphasizes that she presented evidence that she received an Administrator of the Year award, that she received outstanding performance evaluations, and that she was promoted several times while working for PUSD for over 20 years. (Doc. No. 314 at 5.) Plaintiff Sandoval also emphasizes that she testified at trial that she had investigated a parent's complaint of a teacher abusing her child and that the parent also testified that she had a meeting with plaintiff Sandoval to discuss the incident. (*Id.* at 6–7.) According to plaintiff Sandoval, in light of this evidence—*her evidence*—there was no support for the jury's conclusion that the adverse employment action taken against her was motivated by her poor work performance or her failure to investigate an issue of child abuse.

Similarly, plaintiff Ramos argues that the weight of the evidence supports a finding that the adverse action taken against him was motivated by his engagement in protected activity (political activities outside of work hours), and he emphasizes that two witnesses testified at trial that he had assisted them on political campaigns outside of work hours. (*Id.* at 7–8.) Plaintiff Ramos also contends that defendants presented inconsistent evidence to show that he had improperly used PUSD computers and printers to create and print campaign flyers. (*Id.*) According to plaintiff Ramos, there was no support for any finding by the jury that he had misused PUSD technology. (*Id.*) In other words, plaintiff Ramos argues that because the jury heard conflicting testimony and evidence, the jury could only have resolved that conflict in his favor.

In opposition, defendants counter that the standard of review requires the court to assess whether the verdict is against the weight of the totality of the evidence presented by all parties, not just the evidence presented by plaintiffs. (Doc. No. 319 at 7–8.) Defendants contend that because they presented countervailing evidence to all of plaintiffs' evidence, through testimony and exhibits, "it cannot be said that the verdicts were against the weight of the evidence." (*Id.* at

8.) Defendants argue that the jury in this case was "completely justified after considering the credibility of witnesses and quality of the evidence presented in finding that the plaintiffs had failed to establish liability against defendants." (*Id.*)

The court agrees that the critical flaw in plaintiffs' argument is that they rely solely on their own presentation of evidence and contend that the jury's verdicts in favor of defendants go against the weight of *plaintiffs'* evidence without any regard for the evidence presented by defendants at trial. Ultimately, the jury heard evidence from all of the parties in this case, including ample evidence from defendants, and the jury's verdicts in defendants' favor are not against the clear weight of the totality of the evidence presented. Plaintiffs have therefore failed to show that "a mistake has been committed" that necessitates granting a new trial and failed to persuade the court that it should not give full respect to the jury's verdicts because they are against the clear weight of the evidence. *See Landes Constr. Co.*, 833 F.2d at 1371–72. Whether the court itself may have come to a different result in evaluating the credibility of witnesses and weighing the evidence is immaterial and cannot serve as the basis for granting a new trial. *See Silver Sage Partners, Ltd.*, 251 F.3d at 819.

Thus, the court will not grant a new trial merely because the jury's verdicts may have been rendered against the weight of *plaintiffs'* evidence.

2. Exclusion of Evidence

In their pending motion, plaintiffs also argue that they were prejudiced by the court's limitation of the testimony by former plaintiffs, members of the Sandoval campaign committee who settled their claims against defendants before trial. (Doc. No. 314 at 11–13.) Plaintiffs also argue that they were prejudiced by the court's purportedly erroneous exclusion of the following evidence: (i) evidence of the lawsuits by the former plaintiffs against defendants; (ii) the special audit report from the Financial Crisis Management Assessment Team ("the FCMAT Report"); (iii) plaintiff Sandoval's letter to Edward Lucero dated February 11, 2015; and (iv) political campaign flyers/handouts regarding Melissa Cano. (*Id.* at 13–18.)

As defendants note in their opposition to the pending motion, these complained of limitations on the presentation of certain evidence at trial and exclusions of other evidence were

1   the subject of certain motions *in limine*, which the court granted.  (Doc. No. 319 at 17, 19).  In
2   their pending motion for a new trial, plaintiffs assert the same arguments that the court has
3   already considered and rejected in ruling on those pretrial motions *in limine* brought by
4   defendants.  (*See* Doc. Nos. 255, 262.)  Other than continuing to disagree with the court's rulings
5   on those motions *in limine*, plaintiffs do not provide any basis on which the court should now
6   reconsider those rulings and grant them a new trial.

7   Although plaintiffs maintain that evidence from the former plaintiffs regarding the alleged
8   adverse actions taken against them by defendants would "provide the nexus to the trier of fact
9   between the political motive behind the employment actions and the pattern and practice
10  occurring with defendant PUSD" (Doc. No. 314 at 12–13), the court does not agree that the
11  exclusion of that evidence was prejudicial to plaintiffs Ramos and Sandoval.  As the court
12  previously ruled, the former plaintiffs' testimony about what happened to them is not relevant to
13  what happened to plaintiffs Ramos and Sandoval.  (*See* Doc. No. 262 at 6–8.)  To the extent those
14  former plaintiffs were witnesses to what happened to the remaining plaintiffs and had testimony
15  relevant to the claims that remained in this case at trial, the court permitted the former plaintiffs to
16  testify as to those matters.  (*See* Doc. No. 255 at 2.)  Limiting plaintiffs' presentation of evidence
17  in this manner to evidence that was relevant to the claims remaining in the case—as opposed to
18  evidence that may have been relevant to the claims asserted and settled by former plaintiffs—was
19  neither erroneous nor prejudicial to plaintiffs Ramos and Sandoval.

20  Similarly, plaintiffs argue that they should have been able to admit the FCMAT Report as
21  evidence at trial, even though they concede that they failed to disclose that report in their Rule 26
22  initial disclosures and failed to disclose any witness that would be able to authenticate the report
23  or provide proper foundation for its admission into evidence at trial.  (Doc. No. 314 at 13–14.)
24  Thus, plaintiffs have provided no basis for the court to now conclude that exclusion of that report
25  from evidence was erroneous or prejudicial to them.

26  As to the exclusion of plaintiff Sandoval's letter to Edward Lucero dated February 11,
27  2015, in which she responded to the complaints and accusations made against her, plaintiff
28  Sandoval argues that she was prejudiced because the jury was permitted to hear from defendants

8

1  about the complaints lodged against her, but she was precluded from presenting her responses to
2  those complaints. (Doc. No. 314 at 15–16.) Defendants argue that because admitting the letter
3  ran the risk of confusing the jury with inadmissible hearsay and improper legal opinions, the court
4  properly granted their motion *in limine* and excluded the letter from evidence. (Doc. No. 319 at
5  19–20.) Defendants emphasize, however, that plaintiff Sandoval was nevertheless permitted to
6  testify at trial about the letter, including "that her letter responded to and refuted every point made
7  in Mr. Lucero's letter and contained her objections thereto." (*Id.* at 19–20.) Here too, plaintiffs
8  have not provided any basis for the court to now conclude that exclusion of the letter itself from
9  evidence at trial was prejudicial to plaintiff Sandoval. This is particularly true given that plaintiff
10 Sandoval testified about her letter and the jury heard from a witness that her husband had brought
11 letters and arguments in front of the PUSD board as well, all of which support a finding that
12 plaintiff Sandoval had an opportunity to be heard with respect to this matter and indeed availed
13 herself of that opportunity.

14         Finally, plaintiffs argue that they were prejudiced by the exclusion of the campaign
15 flyers/handouts, which they contend were defaming political flyers directed at the Sandoval
16 campaign committee. (Doc. No. 314 at 16–17.) However, as defendants point out in their
17 opposition (Doc. No. 319 at 20), the court heard arguments regarding whether to admit the
18 campaign flyer and reserved ruling on defendants' objection in that regard, indicating that the
19 court would be inclined to allow plaintiffs to admit a version of the flyer, if plaintiffs heavily
20 redacted the irrelevant portions. (Doc. No. 303 at 141-143.) Despite the court's expressed
21 inclination, plaintiffs never offered a redacted version of the flyer for admission into evidence.
22 (Doc. No. 319 at 20.) Against this backdrop, it is disingenuous for plaintiffs to now argue that
23 exclusion of the unredacted flyer was somehow prejudicial to them and justifies the granting of a
24 new trial.

25         In sum, the court finds that the complained of evidentiary rulings were neither erroneous
26 nor substantially prejudicial. Accordingly, a new trial is not warranted on this basis. *See United*
27 *States v. 99.66 Acres of Land*, 970 F.2d 651, 658 (9th Cir. 1992) ("A new trial is only warranted
28 on the basis of an incorrect evidentiary ruling if the ruling substantially prejudiced a party.").

9

### 3. Inflammatory Statements During Closing Arguments

In their motion, plaintiffs argue that defense counsel made improper statements during closing arguments designed to inflame the jury's passions by insinuating that plaintiffs (all minorities) were "entitled" and looking for a handout. (Doc. No. 314 at 18–19.) In particular, plaintiffs point to defense counsel's reference in closing argument to a trial witness not being proficient in English and needing an interpreter at trial despite the fact that he was hired by plaintiff Sandoval's husband to teach a bilingual education class. (*Id.* at 18.) Plaintiffs also point to defense counsel's statement during closing argument "that the plaintiffs were using the court as a casino or a payday and they should go get a job and earn a living like 'the rest of us.'" (*Id.* at 19.)

In their opposition, defendants assert that defense counsel's comments about the entitled attitude of plaintiffs were not statements about race or related to race in any way, and "[t]here was no mention of race at any time during the trial" by defense counsel. (Doc. No. 319 at 21.) According to defendants, defense counsel's description of plaintiffs as being entitled was a reference to plaintiffs' "lack of evidence and belief that their positions should last beyond any legally recognizable term." (*Id.*) Defendants emphasize that they too are minorities, as is the entire PUSD school board. (*Id.*) Defendants argue that "[t]o suggest that the jury's passions were inflamed by [] allegedly racially charged statements and so the jury found for all minority defendants instead is ludicrous." (*Id.*)

The court finds that the allegedly inflammatory statements have been taken out of context by plaintiffs and when viewed in context, those statements were neither inflammatory nor racially charged. Moreover, none of the plaintiffs objected to those statements at the time defense counsel made them in his closing argument to the jury. However, in his rebuttal closing argument that immediately followed defense counsel's statements, plaintiff Alfonso reiterated and emphasized the court's instruction that the lawyers' arguments and statements are not evidence. (Doc. No. 309 at 141.) Indeed, the court instructed the jury that what counsel or the parties when acting as their own lawyers "have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence." (Doc. No. 309 at 156.)

10

Accordingly, the court is not persuaded by plaintiffs Ramos and Sandoval argument that defense counsel's statements during his closing argument at trial were so inflammatory and prejudicial as to warrant a new trial. *See Chopra v. Gen. Elec. Co.*, 527 F. Supp. 2d 230, 249 (D. Conn. 2007) (noting that comments during closing argument regarding the age and race of employees who had been promoted instead of plaintiffs in employment discrimination case were not "so prejudicial as to entitle defendant to a new trial," and even if they were prejudicial, the jury was instructed "not to consider statements by counsel as evidence"). Moreover, the court would observe that it is recognized that "[a] litigant is entitled to a fair trial but not necessarily a perfect one." *Id.* (citing *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 552 (1984)).

## CONCLUSION

For the reasons set forth above, the plaintiffs' pending motions for a new trial (Doc. Nos. 297, 299, 314, 315, 317) are denied.

IT IS SO ORDERED.

Dated: **August 8, 2021**

_____
UNITED STATES DISTRICT JUDGE